# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER: 8:06-cr-519-T-23EAJ |
| vs. | USM NUMBER: 14874-171 |
| RONALD EUGENE PEMBERTON | Defendant's Attorney: Alec Hall, pda |

THE DEFENDANT:

__X__ pleaded guilty to counts FIVE and FOURTEEN of the Indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1344 and 2 | Bank Fraud | January 15, 2004 | FIVE |
| 18 U.S.C. §§ 1028(a)(7), (b)(1)(D) & (b)(2)(B) and 2 | Identity Theft | January 15, 2004 | FOURTEEN |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__X__ Counts ONE, TWO, THREE, FOUR, SIX, SEVEN, EIGHT, NINE, TEN, ELEVEN, TWELVE, and THIRTEEN of the Indictment are dismissed in accordance with the plea agreement.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: July 13, 2007

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: July __16th__, 2007

Defendant:    RONALD EUGENE PEMBERTON                                         Judgment - Page 2 of 6
Case No.:     8:06-cr-519-T-23EAJ

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **FORTY-SIX (46) MONTHS**. The term consists of Forty-six (46) months on Counts Five and Fourteen, both terms to run concurrently. The terms imposed by this judgment shall run concurrently with the defendant's term of imprisonment imposed pursuant to the judgment in Docket Number 04-GS-21-01359, General Sessions Court, Florence, South Carolina.

__X__ The court makes the following recommendations to the Bureau of Prisons: (1) confinement at FCI Jesup, Georgia, or as near to Jesup as possible and (2) if defendant is eligible, participation in the 500-Hour Comprehensive Drug Treatment

__X__ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.
    ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ___ before 2 p.m. on ___.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

___ at _____, with a certified copy of this judgment.

                                                                       United States Marshal

                             By:_____
                                                     Deputy United States Marshal

| | | |
|---|---|---|
| Defendant: | RONALD EUGENE PEMBERTON | Judgment - Page 3 of 6 |
| Case No.: | 8:06-cr-519-T-23EAJ | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **SIXTY (60) MONTHS.** The term consists of SIXTY (60) MONTHS as to Count Five and THIRTY-SIX (36) MONTHS as to Count Fourteen, both terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

__X__   The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.

__X__   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

__X__   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | RONALD EUGENE PEMBERTON | Judgment - Page 4 of 6 |
| Case No.: | 8:06-cr-519-T-23EAJ | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X   The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself for any major purchases without approval of the probation officer.

X   The defendant shall provide the probation officer access to any requested financial information.

Defendant:     RONALD EUGENE PEMBERTON                            Judgment - Page  5  of  6
Case No.:      8:06-cr-519-T-23EAJ

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|          | Assessment | Fine  | Total Restitution |
|----------|------------|-------|-------------------|
| Totals:  | $200.00    | $ n/a | $77,769.80        |

      The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

__X__   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Community First Credit Union<br>210 East Main Street<br>Bartow, FL 33830 | | $ 48,946.00 | |
| MidFlorida Federal Credit Union<br>1006 Old Pol City Rd.<br>Haines City, Florida 33844 | | 5,328.80 | |
| CUNA Mutual Insurance Company<br>5910 Mineral Point Rd.<br>Madison, Wisconsin<br>Attention: Sharon Schweppe<br>Claim No. B0708100 | | 23,495.00 | |
| Totals: | $ | $ 77,769.80 | |

_  Restitution amount ordered pursuant to plea agreement   $ _____.

_  The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

_  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    _  the interest requirement is waived for the ___ fine ___ restitution.

    _  the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| Defendant: RONALD EUGENE PEMBERTON | Judgment - Page 6 of 6 |
| Case No.: 8:06-cr-519-T-23EAJ | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ __200.00__ (special assessment) due immediately, balance due

      ___ not later than _____, or

      ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __X__ Special instructions regarding the payment of criminal monetary penalties:

      Restitution: **$77,769.80**. While in the Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant will begin making payments of $100 per month. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay and the Court may adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

     _ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

     _ The defendant shall pay the cost of prosecution.

     _ The defendant shall pay the following court cost(s):

X      The defendant shall forfeit the defendant's interest in the following property to the United States: a money judgment in the amount of $94,542.80 USD, pursuant to the attached "Forfeiture Money Judgment" (Doc. 23), dated May 23, 2007.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,           :
                                    :
    Plaintiff,                      :
                                    :
v.                                  :   Case No. 8:06-cr-519-T-23EAJ
                                    :
RONALD EUGENE PEMBERTON             :
                                    :
    Defendant.                      :
_____:

### FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the court upon the filing of the motion of the United States of America for entry of a Forfeiture Money Judgment, which, upon sentencing, shall be a final order of forfeiture as to defendant Ronald Eugene Pemberton. The court, being fully advised in the premises, hereby finds as follows:

1. That the amount of proceeds obtained by the defendant as a result of the bank fraud, in violation of 18 U.S.C. §§ 1344 and 2 and 18 U.S.C. §§ 1028(a)(7),(b)(1)(D), & (b)(2)(B) and 2, was $94,542.80 USD;

2. That, pursuant to the provisions of 18 U.S.C. § 982(a)(2) and Fed. R. Crim. P. 32.2(b)(2), the government is entitled to a forfeiture money judgment in the amount of the gross proceeds the defendant obtained as a result of the offense of conviction, which is $94,542.80. Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that the United States' motion is GRANTED.

It is FURTHER **ORDERED** that defendant Ronald Eugene Pemberton is liable, to the United States of America for a forfeiture money judgment in the amount of $94,542.80 USD, pursuant to the provisions of 18 U.S.C. § 982(a)(2), and Fed. R. Crim. P. 32.2(b)(2)

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23RD day of May, 2007.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

Copies to:  Adelaide G. Few, AUSA
            Attorneys of Record